UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA    :

      - v. -    :    INFORMATION

TARIK HOLMES,    :    10 Cr.

          Defendant.    **10 CRIM 504**

- - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #.
DATE FILED: 6/8/10

## COUNT ONE

The United States Attorney charges:

1. From at least in or about March 2008, up to and including on or about October 2, 2009, in the Southern District of New York and elsewhere, TARIK HOLMES, the defendant, and others known and unknown, unlawfully, willfully and knowingly did combine, conspire, confederate and agree together and with each other to commit offenses against the United States, to wit, to violate Sections 1709, 1708, 510(a), and 510(b) of Title 18, United States Code.

2. It was a part and an object of the conspiracy that TARIK HOLMES, the defendant, and others known and unknown, being Postal Service employees, would and did embezzle letters, packages, bags, and mail, and articles and things contained therein entrusted to them and which came into their possession intended to be conveyed by mail, and carried and delivered by a carrier, messenger, agent, and other person employed in a department of the Postal Service, and forwarded through and

delivered from a post office and station thereof established by authority of the Postmaster General and of the Postal Service; and would and did steal, abstract, and remove from such letters, packages, bags, and mail, articles and things contained therein, in violation of Title 18, United States Code, Section 1709.

      3.   It was further a part and an object of the conspiracy that TARIK HOLMES, the defendant, and others known and unknown, would and did buy, receive, conceal, and unlawfully had in their possession, letters, postal cards, packages, bags, and mail, and articles and things contained therein, which had been stolen, taken, embezzled, and abstracted, knowing the same to have been stolen, taken, embezzled, and abstracted, in violation of Title 18, United States Code, Section 1708.

      4.   It was further a part and an object of the conspiracy that TARIK HOLMES, the defendant, and others known and unknown, with intent to defraud, would and did falsely make and forge endorsements and signatures on Treasury checks and bonds and securities of the United States, and would and did pass, utter, and publish, and attempt to pass, utter, and publish, Treasury checks and bonds and securities of the United States bearing falsely made and forged endorsements and signatures, in violation of Title 18, United States Code, Section 510(a).

      5.   It was further a part and an object of the conspiracy that TARIK HOLMES, the defendant, and others known and unknown, with knowledge that Treasury checks and bonds and

securities of the United States were stolen and bore falsely made and forged endorsements and signatures, would and did buy, sell, exchange, receive, deliver, retain, and conceal such Treasury checks and bonds and securities of the United States, in violation of Title 18, United States Code, Section 510(b).

Overt Acts

6.   In furtherance of said conspiracy and to effect its illegal objects, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a.   In or about early 2008, TARIK HOLMES, the defendant, met with an individual ("Individual-1") in the Bronx, New York, and discussed stealing Treasury checks from the mail so that Individual-1 could negotiate them.

   b.   On or about October 2, 2009, in Westchester County, New York, Holmes stole three Treasury checks from the mail, intending to give them to Individual-1 or another person who negotiated stolen checks.

(Title 18, United States Code, Section 371).

COUNT TWO

The United State Attorney further charges:

7.   From at least in or about March 2008, up to and including on or about October 2, 2009, in the Southern District of New York, TARIK HOLMES, the defendant, being a Postal Service employee, did embezzle letters, packages, bags, and mail, and articles and things contained therein entrusted to him and which

came into his possession intended to be conveyed by mail, and carried and delivered by a carrier, messenger, agent, and other person employed in a department of the Postal Service, and forwarded through and delivered from a post office and station thereof established by authority of the Postmaster General and of the Postal Service; and did steal, abstract, and remove from such letters, packages, bags, and mail, articles and things contained therein, to wit, TARIK HOLMES stole letters, containing checks, that were not addressed to him and that had been entrusted to him by the United States Postal Service.

(Title 18, United States Code, Section 1709).

### FORFEITURE ALLEGATION

8.   As the result of committing the offense of conspiracy to violate Title 18, United States Code, Sections 510, 1708 and 1709, in violation of Title 18, United States Code, Section 371, as alleged in Count One of this Information, and as the result of committing the postal theft offense in violation of Title 18, United States Codes, Section 1709, as alleged in Count Two of this Information, TARIK HOLMES, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, including but not limited to the following:

   a.   At least $60,000 in United States currency,

in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offenses charged in Counts One and Two of this Information.

### Substitute Asset Provision

9. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> (1) cannot be located upon the exercise of due diligence;
>
> (2) has been transferred or sold to, or deposited with, a third person;
>
> (3) has been placed beyond the jurisdiction of the Court;
>
> (4) has been substantially diminished in value; or
>
> (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 371, 981, 1709;
Title 21, United States Code, Section 853; and Title 28, United
States Code, Section 2461).

_____
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

TARIK HOLMES,

Defendant.

---

**INFORMATION**

10 Cr. ___ (___)

(18 U.S.C. §§ 371, 1709.)

PREET BHARARA
United States Attorney.

6/8/10

Felony Plea
Consent to appear before a Magistrate Judge
Waive of Indictment filed

Deft. pres. with attorney _Robert Baum_
AUSA _Justin Holmes_ Court Reporter _present_
Interpreter pres/not pres. Deft. withdraws plea of not guilty & enters a plea
of guilty to count(s) _1 and 2_ .PSI NOT Ordered. Sentence _9/8/10 control date_
Bail _continued_
Mag. Judge _Dolinger_ recommends Judge _Pauley_
accept the guilty plea.